(32 Misc. Rep. 674.)

## JAMES v. COE.

(Supreme Court, Appellate Term.   October 26, 1900.)

LANDLORD AND TENANT—ACTION FOR RENT—SURRENDER—EVIDENCE.
    Where defendant in an action for rent alleged as a defense that prior to the date when the rent accrued there was a surrender of the term, which was accepted, and defendant offered evidence of such surrender, relying on a new lease made by plaintiff to a third party, on which defendant became surety, it was error to exclude a letter written by defendant to plaintiff's agents, and conversations between said agents and defendant, offered by plaintiff to show what the agreement was which led to the execution of the new lease, that a surrender was not contemplated, and that the new lease was made in pursuance of a clause in the original lease providing for a reletting on defendant's account.

Appeal from city court of New York, general term.

Action by D. Willis James against William R. Coe.   From a judgment of the general term (64 N. Y. Supp. 1109) affirming a judgment dismissing the complaint, plaintiff appeals.   Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Green & Stotesbury, for appellant.

Cowen, Wing, Putnam & Burlingham, for respondent.

PER CURIAM.   We think that it was error for the trial justice to exclude the letter written by the defendant to the plaintiff's agents, as well as the conversations between said agents and the defendant, which the appellant's counsel sought to elicit on the trial.   The action was brought for the recovery of rent under a written lease. The defense was that prior to the date when said rent is alleged to have accrued there was a surrender of the term by the tenant, which was accepted by the plaintiff.   The defendant, upon the trial, offered

evidence of such surrender, relying upon a new lease made by the plaintiff to a third party, one Weimar, for the balance of the un-expired term of the lease upon which suit is brought, and also upon the ordinary guaranty of such lease, which was executed by the defendant and another party, who thus became apparently co-sureties of the performance of the second lease by Weimar. It was for the purpose of rebutting any inference adverse to him which might arise from these facts that the plaintiff endeavored to show what the agreement between the parties which culminated in the giving of these papers actually embraced. The plaintiff's contention is that the second lease was made pursuant to a certain stipulation contained in the first lease to the effect that, in case of any default on the part of the defendant, or if the premises should become vacant during the term of the lease, he, as landlord, might resume possession of the premises, and relet the same for the remainder of the term at the best rent that he could obtain for account of the tenant. The ground upon which the ruling of the court below was based was that the matters sought to be brought out by this line of examination were in the nature of preliminary negotiations between the parties, which could not be proven for the purpose of in any way affecting or controlling what is stated to be the written agreement between them. What is claimed to be such written agreement is the second lease made between the plaintiff and Weimar, and the contract of suretyship attached thereto, made between the plaintiff on the one hand and the defendant and his so-called co-surety on the other. We do not think that this claim is a sound one. It is not disputed by the plaintiff that these papers were executed, nor does he seek to vary the terms of either of these documents. What he did desire to show was what the agreement really was which led to the execution of these papers, that the surrender of the original lease was not contemplated, and that the papers above mentioned were executed and delivered in pursuance of the clause in the first lease providing for reletting on account of the tenant. This, we think, he should have been permitted to do. The judgment must therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.